NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL D. BAILEY, *Appellant.*

No. 1 CA-CR 16-0691
FILED 8-29-2017

---

Appeal from the Superior Court in Maricopa County
No. CR 2015-132485-002
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

C A M P B E L L, Judge:

**¶1**        Michael D. Bailey timely appeals from his conviction and sentence for burglary in the third degree, a class four felony. After searching the record on appeal and finding no arguable, non-frivolous question of law, Bailey's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). He asks this court to search the record for fundamental error. Bailey was informed of his right to file a supplemental brief, *in propria persona*. We have not received a brief. After reviewing the entire record, we find no fundamental error and affirm Bailey's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        Bailey was charged with one count of burglary in the third degree, a class four felony. Ariz. Rev. Stat. ("A.R.S.") § 13-1506.  The State alleged aggravating circumstances, historical and non-historical prior felony convictions. Bailey was not present for trial which proceeded in absentia.

**¶3**        At trial, the State presented the following evidence: Bailey and his co-defendant were discovered inside the fenced commercial yard of an automobile recycling business and resale yard, after business hours, by an employee, J.C. J.C.'s girlfriend called the police who, upon arrival, apprehended Bailey and his co-defendant outside the yard. J.C. identified Bailey as one of the individuals he saw in the fenced area.

**¶4**        That evening, J.C. showed Officer Ruiz several items inside the yard that did not belong to the business. These items included various tools, gloves, a headlamp flashlight, a backpack containing a sawzall, and pipe cutters—instruments commonly used when committing a burglary.

---

[1]        We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Bailey. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

Officer Ruiz sent several items for deoxyribonucleic acid ("DNA") testing. The profile found on a socket wrench, glove, and the headlamp matched Bailey. The DNA profile found on other tools matched Bailey's co-defendant.

¶5        J.C. also showed the officer a hole in the business's perimeter fence. Several parts, removed from cars inside the yard, had been stacked up around the hole. Officer Ruiz explained that preparing items for easy removal was common during burglaries.

¶6        At trial, the jury found Bailey guilty of burglary in the third degree. The State alleged three statutory aggravating circumstances. *See* A.R.S. § 13-701(D).  The jury found that each aggravating circumstance had been proven beyond a reasonable doubt.

¶7        The trial court determined Bailey had six prior felony convictions beyond a reasonable doubt.  The trial court sentenced Bailey to the presumptive term of ten years in the Arizona Department of Corrections, and credited Bailey for 78 days of pre-sentence incarceration. Appellant filed a timely notice of appeal.

## DISCUSSION

¶8        We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300.  Bailey was represented by counsel at all stages of the proceedings. The court had previously admonished Bailey of the consequences of failing to appear. At the time of trial, he was not present.  Consequently, the trial court proceeded in absentia.

¶9        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members.  The court properly instructed the jury on the elements of the charge, Bailey's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The trial court received and considered a presentence report and Bailey was given an opportunity to speak at sentencing. Finally, his sentence was within the range of permissible sentences for his offense. *See* A.R.S. §§ 13-1506(B), -703(G), -703(J).

## CONCLUSION

¶10        We affirm Bailey's conviction and sentence. Counsel's obligations pertaining to Bailey's representation in this appeal have ended. Defense counsel need do nothing more than inform Bailey of the status of this appeal and his future options, unless, upon review, counsel finds an

issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, we also grant Bailey 30 days from the date of this decision to file an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA